**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAC DEVELOPMENT, INC., <br><br> Plaintiff, <br> v. <br> JACQUELINE BADIO; DOES 1–10, <br><br> Defendants. | Case No. 2:13-cv-06500-ODW(AJWx) <br><br> **ORDER TO SHOW CAUSE RE. RULE 11 SANCTIONS** |

On September 5, 2013, Gregorio Francis[1] removed this action to this Court—just 10 days after the Court remanded this case for the second time. (ECF No. 1.) This is now the *third* time that either Francis or Defendant Jacqueline Badio has removed this case to this Court. In the last remand order, the Court warned the parties that removing this case again would result in $1,000.00 in sanctions for violating Federal Rule of Civil Procedure 11(b)(2). *RAC Dev., Inc. v. Badio* ("*Badio II*"), No. 2:13-cv-06133-ODW(AJWx), ECF No. 6, (C.D. Cal. filed Aug. 21, 2013). That time has come, so the Court accordingly **ORDERS** Gregorio to **SHOW CAUSE** why he should not be sanctioned $1,000.00 for violating Rule 11(b)(2).

/ / /

---

[1] Francis is not a named defendant in the Los Angeles Superior Court Action. Rather, he styles himself an intervenor in that case under a "Prejudgment Claim of Right to Possession." (Not. of Removal ¶ 3.) Regardless of the merit of Francis's allegation, the Court will refer to him as a defendant for clarity.

1  Francis first removed this ordinary, state-law, unlawful-detainer action on August 8, 2013. *RAC Dev., Inc. v. Badio* ("*Badio I*"), No. 2:13-cv-05739-ODW(AJWx), ECF No. 1, (C.D. Cal. filed Aug. 8, 2013). Francis alleged that this court had federal-question jurisdiction over the matter under the Protecting Tenants at Foreclosure Act of 2009. Pub. L. 111-22, §§ 701–04, 123 Stat. 1632 (2009). The Court disagreed, finding that an unlawful-detainer action is purely a creature of state law and does not give rise to a federal question. *Badio I*, ECF No. 4; *see also Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009). The Court also determined that Defendants could not establish diversity jurisdiction, as the amount in controversy did not exceed $75,000.00. *Badio I*, ECF No 4. On August 13, 2013, the Court therefore remanded the case to Los Angeles County Superior Court. *Id.*

Eight days later, Badio removed this case again. *Badio II*, ECF No. 1. Badio contended that removal was proper under 28 U.S.C. § 1443, which provides for removal of certain civil-rights actions. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (removing defendants must demonstrate that rights "are given to them by explicit statutory enactment protecting equal racial civil rights," and "that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" (internal quotation marks omitted)).

Once again, the Court disagreed. The Court stated, "To be clear, this unlawful-detainer action does not now—nor will it ever—belong in federal court." *Badio II*, ECF No. 6. The Court found once again that any purported federal defense failed to support a finding of federal-question jurisdiction. *Id.*; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009). Second, the Court reiterated that the amount in controversy was still less than $10,000.00—a far cry from the $75,000.00 diversity-jurisdiction threshold.

The Court also warned Defendants "that filing a third notice of removal on the

same grounds would be a violation of Federal Rule of Civil Procedure 11(b)(2) and would subject [them] to $1,000 in sanctions or other sanctions in this Court's discretion." *Badio II*, ECF No. 6, at 2–3.

Sure enough, Francis removed this case again some ten days later. (ECF No. 1.) Francis repeats his assertion that the Protecting Tenants at Foreclosure Act of 2009 vests this Court with federal-question jurisdiction. (Not. of Removal ¶ 5–6, 8, 12–13.) But the law could not be clearer: "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). Regardless of the merits of Defendants' federal defenses, those defenses do not, have not, and will not transmute this run-of-the-mill, state-law, unlawful-detainer action into a federal question.

Neither does the amount in controversy exceed $75,000.00. Contrary to Francis's allegation, the amount is controversy is not the value of title. (Not. of Removal ¶ 23.) In an unlawful-detainer action, the amount in controversy is the reasonable rental value of the property for the time that the defendant wrongfully holds over in possession. Cal. Civ. Proc. Code § 1174(b); *MCA, Inc. v. Universal Diversified Enters. Corp.*, 27 Cal. App. 3d 170, 179 (Ct. App. 1972); (*see also* Not. of Removal Ex. A, at 3 (praying for not less than $50 per day in damages for unlawful possession)).

It therefore remains clear that Defendants have not established that this Court has either federal-question or diversity jurisdiction.

But the more pressing issue now is Francis's disobedience of the Court's last remand order. The Court made it clear that removing this case again would result in at least $1,000 in sanctions for violating Rule 11(b)(2). Yet Francis did not heed the Court's warning. The Court therefore **ORDERS** Francis to **SHOW CAUSE** by **Monday, October 7, 2013**, why he should not be sanctioned $1,000.00 for violating

Rule 11(b)(2).  Francis shall respond in writing.  The Court also **STAYS** all other proceedings in this case.  The Court will remand this case following discharge of the Order to Show Cause.

**IT IS SO ORDERED.**

September 16, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**