O
JS-6

cc: order, docket, remand letter to Los Angeles Superior Court Northeast District, Pasadena, No. 13P02233

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAC DEVELOPMENT, INC., <br><br> Plaintiff, <br> v. <br> JACQUELINE BADIO; DOES 1–10, <br><br> Defendants. | Case No. 2:13-cv-06500-ODW(AJWx) <br><br> **ORDER DISCHARING ORDER TO SHOW CAUSE AND REMANDING CASE** |

On September 5, 2013, Gregorio Francis[1] removed this action to this Court—just 10 days after the Court remanded this case for the second time. (ECF No. 1.) This is now the *third* time that either Francis or Defendant Jacqueline Badio has removed this case to this Court. In the last remand order, the Court warned the parties that removing this case again would result in $1,000.00 in sanctions for violating Federal Rule of Civil Procedure 11(b)(2). *RAC Dev., Inc. v. Badio* ("*Badio II*"), No. 2:13-cv-06133-ODW(AJWx), ECF No. 6, (C.D. Cal. filed Aug. 21, 2013).

On September 16, 2013, the Court ordered Francis to show cause why he should not be sanctioned $1,000 for violating the Court's Order. On October 7, 2013, he filed his response, contending that he was not aware of the Court's warning in the

---

[1] Francis is not a named defendant in the Los Angeles Superior Court Action. Rather, he styles himself an intervenor in that case under a "Prejudgment Claim of Right to Possession." (Not. of Removal ¶ 3.) Regardless of the merit of Francis's allegation, the Court will refer to him as a defendant for clarity.

Order remanding *Badio II*. After considering Francis's arguments, the Court declines to sanction Francis and **REMANDS** this action to Los Angeles County Superior Court.

Francis first removed this ordinary, state-law, unlawful-detainer action on August 8, 2013. *RAC Dev., Inc. v. Badio* ("*Badio I*"), No. 2:13-cv-05739-ODW(AJWx), ECF No. 1, (C.D. Cal. filed Aug. 8, 2013). Francis alleged that this court had federal-question jurisdiction over the matter under the Protecting Tenants at Foreclosure Act of 2009. Pub. L. 111-22, §§ 701–04, 123 Stat. 1632 (2009). The Court disagreed, finding that an unlawful-detainer action is purely a creature of state law and does not give rise to a federal question. *Badio I*, ECF No. 4; *see also Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009). The Court also determined that Defendants could not establish diversity jurisdiction, as the amount in controversy did not exceed $75,000.00. *Badio I*, ECF No 4. On August 13, 2013, the Court therefore remanded the case to Los Angeles County Superior Court. *Id.*

Eight days later, Badio removed this case again. *Badio II*, ECF No. 1. Badio contended that removal was proper under 28 U.S.C. § 1443, which provides for removal of certain civil-rights actions. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (removing defendants must demonstrate that rights "are given to them by explicit statutory enactment protecting equal racial civil rights," and "that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" (internal quotation marks omitted)).

Once again, the Court disagreed. The Court stated, "To be clear, this unlawful-detainer action does not now—nor will it ever—belong in federal court." *Badio II*, ECF No. 6. The Court found once again that any purported federal defense failed to support a finding of federal-question jurisdiction. *Id.*; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir.

2009). Second, the Court reiterated that the amount in controversy was still less than $10,000.00—a far cry from the $75,000.00 diversity-jurisdiction threshold.

The Court also warned Defendants "that filing a third notice of removal on the same grounds would be a violation of Federal Rule of Civil Procedure 11(b)(2) and would subject [them] to $1,000 in sanctions or other sanctions in this Court's discretion." *Badio II*, ECF No. 6, at 2–3.

Sure enough, Francis removed this case again some ten days later. (ECF No. 1.) Francis repeats his assertion that the Protecting Tenants at Foreclosure Act of 2009 vests this Court with federal-question jurisdiction. (Not. of Removal ¶ 5–6, 8, 12–13.) But the law could not be clearer: "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). Regardless of the merits of Defendants' federal defenses, those defenses do not, have not, and will not transmute this run-of-the-mill, state-law, unlawful-detainer action into a federal question.

Neither does the amount in controversy exceed $75,000.00. Contrary to Francis's allegation, the amount is controversy is not the value of title. (Not. of Removal ¶ 23.) In an unlawful-detainer action, the amount in controversy is the reasonable rental value of the property for the time that the defendant wrongfully holds over in possession. Cal. Civ. Proc. Code § 1174(b); *MCA, Inc. v. Universal Diversified Enters. Corp.*, 27 Cal. App. 3d 170, 179 (Ct. App. 1972); (*see also* Not. of Removal Ex. A, at 3 (praying for not less than $50 per day in damages for unlawful possession)).

It therefore remains clear that Defendants have not established that this Court has either federal-question or diversity jurisdiction.

In his response to the Court's Order to Show Cause, Francis argues that he was not aware that the Court warned Badio that removing this case again would result in

$1,000 in sanctions. Francis admits he is not a party to the state-court unlawful-detainer action. It is still puzzling why he commandeered this case and removed it to this Court. The Court also doubts that Francis was unaware of the Court's previous remand Order, as Francis was the one who started removing this case in the first place. He obviously knew enough about the case to try to remove it a second him himself, which was the *third* time either he or Badio removed this action.

After carefully considering the issue, the Court declines to sanction Francis at this time. But the Court makes clear to both Francis and Badio that if they remove this case again, they will be subject to an automatic sanction of $2,500 and such other sanctions as the Court may determine at that point. The Court accordingly **DISCHARGES** the Order to Show Cause. (ECF No. 5.)

The Court finds that it lacks jurisdiction over this case and consequently **REMANDS** this action to Los Angeles County Superior Court, case number 13P02233. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 9, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**